UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES TWAIN CLEMANS, Jr., | ) | Civil No.07cv1162 WQH (PCL) |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING** |
| JAMES A. YATES, Warden, et al., | ) ) | **IN PART RESPONDENTS' MOTION TO DISMISS THE PETITION FOR** |
| Respondents. | ) ) | **WRIT OF HABEAS CORPUS** |
| | ) ) | [Doc. 6] |
| _____ | ) ) ) | |

On June 27, 2007, Charles Twain Clemans, Jr. ("Petitioner"), a state prisoner incarcerated at High Desert State Prison, currently proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 2.) In response, Respondents filed a Motion to Dismiss, arguing that the Petition is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA's") statute of limitations, that it fails to state a federal claim, and that one of the claims is not ripe for review. (Doc. 6.) After reviewing all the pertinent arguments and documentation, the Court recommends that Respondent's motion be GRANTED in part and denied in part.

1

# BACKGROUND

In February 1996, Petitioner pled guilty to four counts of attempted murder while personally using a firearm and inflicting great bodily injury (Cal. Pen. Code §§ 664/187(a), 12022.5, 12022.7) and one count of shooting into an occupied dwelling (Cal. Pen. Code § 246). (Lodgment 10, at 1.) In July 1996, the San Diego County Superior Court sentenced Petitioner to a total term of 28 years in prison. (Id.)

*Challenges to his credit-earning status*

On May 16, 2005, Petitioner submitted a California Department of Corrections and Rehabilitation (CDCR) 602 appeal, challenging his credit-earning status for work he completed in the Inmate Work/Training Incentive Program (IWTIP) at Pleasant Valley State Prison. (Lodgment 2.) This appeal was denied the same day at the informal level of review. (Lodgment 3.) Petitioner then sought review at the first formal level of review, but his appeal was screened out on June 9, 2005 because the CDCR did not have the authority to alter Petitioner's credit-earning status, which was set by state statute. (Lodgments 2 and 4.) On September 30, 2005, Petitioner filed another 602 appeal at the informal level of review, challenging his credit earning status. (Doc. 20, at 24.) On November 16, 2005, the CDCR responded at the informal level of review, but its response was not included in the materials submitted by Petitioner. (See id.) After several more attempts to submit appeals to the Director's Level of Review, Petitioner received notification on May 10, 2006 from N. Grannis, Chief of the Inmate Appeals Branch, that he needed to complete the review process at the Second Level of Review before proceeding at the Director's Level. (Id. at 35.) On February 22, 2006, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, challenging his credit-earning status. (Lodgment 5.) On June 28, 2006, the California Supreme Court summarily denied the petition. (Lodgment 6.)

According to an Order dated April 11, 2006 from the San Diego County Superior Court, "Petitioner also filed three separate Petitions for Writ of Habeas Corpus in the Fifth District Court of

Appeal, two of which were denied and one was voluntarily dismissed so that the Petition could first be filed in Superior Court." (Doc. 20, at 14.) In the San Diego County Superior Court, Petitioner filed a third habeas corpus petition dated February 14, 2006. (Id.) The main contention in the third habeas petition was that CDCR was not applying credits earned in the IWTIP to his sentence and refused to provide him with a computation review hearing. (Id. at 15.) The Court decided that "[b]ecause it is the duty of the Director of Corrections to determine prison behavior and work-time credits, judicial intervention, if ever needed, will be postponed until defendant has exhausted available administrative remedies." (Id.) The Court refused to make "any finding or ruling that Petitioner is, or is not entitled to post-sentence work-time credit" because there was not a full record of administrative responses given to the Court. (Id. at 16.) The Superior Court ordered the CDCR to provide an explanation to the Court as to "why, or why not, Petitioner is entitled to credit he believes he has earned." (Id. at 17.) Upon receiving the response from the CDCR on May 23, 2006, the Superior Court denied Petitioner's writ of habeas corpus on June 14, 2006 so as to allow Petitioner to exhaust his administrative remedies available through the CDCR. (Id. at 11.) The Superior Court told Petitioner that "if in 120 days the CDCR has still not provided the opportunity for Petitioner to have the computation hearing, he will not be prevented from filing and having reviewed a subsequent habeas corpus petition regarding this issue." (Id.)

*Challenges to his parole period*

On June 1, 2005, Petitioner submitted a CDCR 602 appeal, requesting a legal status summary sheet and alleging that the imposition of a three-year parole period following his release from incarceration would violate the terms of his sentence. (Lodgment 7.) This appeal was partially granted on June 28, 2005 at the informal level of review. (Id.) The prison provided him a legal status summary sheet, but denied his request for a review of his parole period as the CDCR did not have the authority to alter the time set for his parole period. (Id.) On July 7, 2005, Petitioner then sought review at the formal

level of review, requesting a prison-term computation review hearing and a review of his credit-earning status. (Id.) However, his appeal was screened out on August 15, 2005 because Petitioner had changed the issue in his appeal and the CDCR required clarification of the issue to be appealed in order to process his request. (Lodgment 8.) Petitioner did not amend and resubmit his appeal to the formal level of review. On August 30, 2005, Petitioner filed in the San Diego County Superior Court a state petition for writ of habeas corpus challenging his anticipated parole period. (Lodgment 9.) On October 20, 2005, the Superior Court denied his petition on the merits because Petitioner did not establish that he was entitled to relief on the issue of his parole release date. (Lodgment 10, at 1-2.) Finally, on March 10, 2006, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, challenging his parole release date. (Lodgment 11.) On June 28, 2006, the California Supreme Court summarily denied the petition. (Lodgment 12.)

*Instant petition*

On June 27, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus along with a Memorandum of Points and Authorities. (Docs. 1, 2.) The Petition sets forth three grounds for relief. In grounds one and two, Petitioner alleges that he is being improperly denied good conduct and work-time credits in violation of the U.S. Constitution's Fifth and Fourteenth Amendments as well as equity principles. (Doc. 1, at 6-7; doc. 2, at 3.) In ground three, Petitioner alleges that imposition of a parole period following his release from incarceration would violate his sentence, which ultimately would violate a protected liberty interest under the Fourteenth Amendment. (Doc. 1, at 8; doc. 2, at 37.)

On September 20, 2007, Respondents filed a Motion to Dismiss the Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities and a Notice of Lodgment. (Doc. 6.) Respondents contend that Petitioner's Petition should be dismissed because it was filed after the expiration of the statute of limitations, because it fails to state a federal claim, and because its third claim is not ripe for review. (Doc. 6, at 2.) Petitioner, through counsel, submitted an Opposition to Respondents'

Motion to Dismiss on October 29, 2007.  (Doc. 8.)  Petitioner claims that his Petition should not be dismissed because it was filed timely under both 28 U.S.C. §§ 2244(d)(1)(D) and 2244(d)(1)(A).  (Id. at 2, 5.)  Respondents filed a Reply arguing that the Opposition did not challenge Respondents' claims that the Petition fails to state a federal claim or that ground three is premature.  (Doc. 10, at 2.)  Respondents also argued that the factual predicate of Petitioner's claims under 28 U.S.C. § 2244(d)(1)(D) were, at the latest, June 10, 2005 for grounds one and two, and August 16, 2005 for ground three.  (Id.)  Furthermore, Respondents argued that 28 U.S.C. § 2244(d)(1)(A) does not apply to the instant case. (Id. at 4.)

On January 24, 2008, Petitioner moved the Court for an extension of time to file another Response to Respondents' Motion to Dismiss.  (Doc. 13.)  Petitioner notified the Court that he wanted to fire his attorney and make his own arguments against Respondents' Motion to Dismiss.  (Id. at 1.)  The Court granted Petitioner's motion, (doc. 14), and pro se Petitioner filed his Amended Response on February 28, 2008, (doc. 20).  Petitioner alleged that he had not exhausted his administrative remedies until October 14, 2006. (Doc. 20, at 2.)  Respondent filed a reply on March 13, 2008, arguing that Petitioner still did not file his federal claims within the statute of limitation period.  (Id. at 22.)

### STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  Rule 4, 28 U.S.C. foll. § 2254.  The Ninth Circuit considers a motion to dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  Thus, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.  Although not addressed by Respondents, the Court will also consider whether Petitioner exhausted his administrative remedies. See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998).


# DISCUSSION

**A. Petitioner Failed To Exhaust His Administrative Remedies As To Grounds One And Two**

Before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254, a petitioner must exhaust his claims by fairly presenting them to the state's highest court. Rose v. Lundy, 455 U.S. 509, 523-24 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). If a petitioner fails to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are not, as a result, eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989). Dismissal of such claims should be without prejudice. Hines v. Napolitano, 2008 WL 357652, at *3 (S.D. Cal. February 8, 2008).

Here, in grounds one and two of his habeas petition, Petitioner claims a state-created liberty interest in retaining his already earned conduct credits. However, as explained by the San Diego County Superior Court on June 14, 2006, Petitioner had not fully exhausted his administrative remedies in the CDCR. (Doc. 20, at 11.) For this reason, the Court denied his petition but provided him the opportunity to refile a habeas petition regarding this issue if in 120 days the CDCR did not respond to Petitioner's request concerning his credit-earning status. Since the issuance of the June 14, 2006 Order, Petitioner has not further pursued his remedies in the CDCR or gone back to state court to have a California judge address the merits of this issue.[1] As a result, Petitioner's claims regarding his credit-earning status as set forth in grounds one and two of his petition are not eligible for federal habeas review at this time.

---

[1] The California Supreme Court did not address the merits of Petitioner's credit-earning status claim in its June 28, 2006 summary dismissal. See Lodgment 7.

**B. Limitation Period Expired As To Ground Three, But Not As To Grounds One Or Two**

AEDPA established a one-year statute of limitation period in which to file a federal writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244 (West 2006). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In most cases, the date on which the limitation period begins running is the day that the petitioner's direct review became final. See 28 U.S.C. § 2244(d)(1)(A). In the situation where a state prisoner is challenging a parole board decision or credit-earning status, AEDPA's statute of limitations is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D) — "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003) (holding that the Board of Prison Term's denial of an inmate appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitation period). The date on which the factual predicate of the claim presented could have been discovered "is not dependent on when [the petitioner] complied with AEDPA's exhaustion requirement. Rather, it is determined independently of the exhaustion require-

ment by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082.  Thus, "the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed." Id. at 1083.  The Ninth Circuit has determined that the start of the limitation period for a particular claim is the day after a petitioner receives notification of a decision on the merits regarding the claim from the appropriate state agency responsible for first reviewing a particular prisoner claim and issuing a final decision. See id. at 1082; Shelby v. Bartlett, 391 F.3d 1061, 1065-66 (9th Cir. 2004).

In either the § 2244(d)(1)(A) or the § 2244(d)(1)(D) case, the one-year statute of limitations period "is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" Redd, 343 F.3d at 1081 (quoting 28 U.S.C. § 2244(d)(2)).  The period may also be tolled for equitable reasons if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (internal quotation marks omitted).  After accounting for tolling, if the limitation period for filing a federal habeas claim has expired, then dismissal of the claim with prejudice is appropriate. Jiminez v. Rice, 276 F.3d 478, 481-82 (9th Cir. 2001).

Here, all three grounds of Petitioner's petition should be subject to 28 U.S.C. § 2244(d)(1)(D); as such, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" must be determined.  With regard to Petitioner's credit-earning status (grounds one and two of his petition), the San Diego County Superior Court refused to address the merits of this issue because Petitioner had not fully exhausted his administrative remedies in the CDCR.  The Court provided Petitioner with the opportunity to return to the California courts if the CDCR did not provide a satisfactory final response at a computation hearing. (See Order dated June 14, 2006.)  Yet, there is no record of Petitioner further pursing this issue either in the CDCR

or in the California courts.[2]  Because neither the government nor the Petitioner has provided any documentation of a <u>final</u> decision either of the CDCR or the California courts addressing the merits of this particular issue, the Court must presume that no such decision was ever made by either governmental body.  As the start of the limitation period for a particular claim under § 2244(d)(1)(D) is the day after a petitioner receives notification of a decision on the merits regarding the claim from the appropriate state agency responsible for first reviewing a particular claim, the limitation period with regard to grounds one and two never started.  Thus, the statute of limitations period has not expired as to Petitioner's credit-earning status as set forth in grounds one and two of the habeas petition.

With regard to ground three in which Petitioner alleges that imposition of a parole period following his release from incarceration would violate his sentence, Petitioner did not receive a final decision on the merits from the appropriate CDCR review board as he did not fully exhaust this route of appeal.  However, the San Diego County Superior Court did reach the merits of Petitioner's parole issue in its October 20, 2005 Order denying his petition for writ of habeas corpus.  Thus, the limitation period began the day after the Order was issued, on October 21, 2005, and 139 days elapsed before Petitioner filed his petition in the California Supreme Court.  The limitation period was tolled during the time that Petitioner pursued his petition in the California Supreme Court, from March 10, 2006 until June 28, 2006, when the California Supreme Court denied his petition.  Then, more than 360 additional days elapsed before Petitioner filed the instant petition for writ of habeas corpus.  As a result, because more than a year elapsed before Petitioner pursued his remedies in federal court,[3] his claim regarding his parole period must be dismissed with prejudice.

---

[2] The California Supreme Court did not address the merits of Petitioner's credit-earning status claim in its June 28, 2006 summary dismissal.  <u>See</u> Lodgment 7.

[3] Petitioner did not present any reasons why the limitation period should be equitably tolled in any writings to this Court.

**C. Petitioner Has Failed To State A Claim With Regard to Ground Two of His Habeas Petition**

The Petition contains three grounds for relief: (1) Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fifth and Fourteenth Amendments in retaining his already earned conduct credits; (2) Petitioner is also entitled to his earned credits under government estoppel or equitable estoppel principles; (3) Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fourteenth Amendment in being released on parole as "part of" his sentence. (Doc. 1, at 6-8.) Respondent argues that the Petition fails to state a federal claim because he does not allege that any of his federal rights were violated, and he does not cite any federal law or any constitutional provisions to support his claims.

To present a cognizable federal habeas corpus claim, a state prisoner must allege a violation of federal laws or the U.S. Constitution. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Habeas relief is not available for an alleged error in the interpretation or application of state law. A federal district court does not have general supervisory authority over the proper application of state law. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990). Instead, federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989). Habeas relief is "available only where 'the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.'" Hernandez v. Ylst, 930 F.2d 714, 719 (quoting Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)).

Here, in grounds one and three, Petitioner sets forth specific factual allegations that are tied to violations of the Constitution. As such, Petitioner has stated claims cognizable on federal habeas review. However, Petitioner has failed to state a claim with regard to ground two, in which he asks this court to grant him his work credits on the basis of governmental estoppel and generalized equity

principles. Petitioner does not cite federal law or make reference to any constitutional provisions in such a request. Thus, ground two must be dismissed.

## CONCLUSION

For the foregoing reasons, ground three regarding Petitioner's parole period should be dismissed with prejudice for failure to act within AEDPA's statute of limitation time frame. Ground two regarding work credits due to Petitioner on the basis of equity should be dismissed for failure to state a claim. Ground one regarding the work credits due to Petitioner on the basis of a constitutionally protected liberty interest should be dismissed without prejudice so as to allow Petitioner to pursue his potential remedies in the CDCR and the California courts. This report and recommendation of the undersigned Magistrate Judge is submitted to the U.S. District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the U.S. District Court for the Southern District of California.

IT IS ORDERED that no later than **April 18, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendations."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **April 25, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: April 4, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Hayes; all counsel of record