

FILED

2008 JUL 23  AM 8:06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Twain Clemans,<br><br>                              Petitioner,<br>vs.<br><br>James A. Yates,<br><br>                             Respondent. | CASE NO. 07CV1162 WQH (PCL)<br><br>ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE |

HAYES, Judge:

      Pending before the Court is the Report and Recommendation (Doc. # 24) of Magistrate Judge Peter C. Lewis, filed on April 4, 2008, recommending that the Court grant in part, and deny in part, Respondent's motion to dismiss the Petition for Writ of Habeas Corpus filed by Charles Twain Clemans (Docs. # 1, 2, 6).

## BACKGROUND

      In February of 1996, Petitioner Clemans pled guilty to four counts of attempted murder while personally using a firearm and inflicting great bodily injury (CAL. PENAL CODE §§ 664/187(a), 12022.5, 12022.7), and one count of shooting into an occupied dwelling (CAL. PENAL CODE § 246). (Lodgment 10 at 1.) In July 1996, the San Diego County Superior Court sentenced Petitioner to a determinate term of 28 years in prison. (*Id.*)

I.   <u>Petitioner's Administrative & State Habeas Challenges to His Credit-Earning Status (Claims 1 and 2)</u>

      On May 16, 2005, Petitioner filed an informal appeal with the California Department of

Corrections and Rehabilitation (CDCR), claiming entitlement to work and good conduct sentence credits, and a resulting earlier release date. (Lodgment 2.) On May 16, 2005, the appeal was denied at the informal level. (Lodgment 3.) Thereafter, Petitioner sought formal review of his credit-earning status, but his appeal was screened out without an explanation on the merits. (Lodgments 2 and 4.) On September 30, 2005, Petitioner filed another informal appeal with CDCR. (Doc. # 20 at 24.) On November 16, 2005, the CDCR denied the appeal. (Doc. # 36 at 127, 129.) Between November 16, 2005, and February 23, 2006, Petitioner submitted several more appeals, all of which were denied or screened out as deficient. (Doc. # 36 at 93-134.) On February 22, 2006, Petitioner challenged his credit-earning status by filing a Petition for Writ of Habeas Corpus in the California Supreme Court. (Lodgment 5.) On June 28, 2006, the California Supreme Court denied the petition. (Lodgment 6.)

On February 22, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the California State Superior Court. (Doc. # 20 at 14.) On April 11, 2006, the Superior Court ordered the CDCR to explain "why, or why not, Petitioner is entitled to credit he believes he has earned." (*Id.* at 17.) On June 14, 2006, the Superior Court denied Petitioner's Habeas Petition without prejudice, ruling that "if in 120 days the CDCR has still not provided the opportunity for petitioner to have the computation hearing, he will not be prevented from filing and having reviewed a subsequent habeas corpus petition regarding this issue." (*Id.* at 11.)

After receiving the June 14, 2006, order of the Superior Court, Petitioner filed additional administrative inmate appeals seeking good conduct and work sentence credits, and/or an explanation as to why he was not entitled to those credits. *Supplemental Objections* (Doc. # 36-2, Ex. C at 93-151). The additional appeals were denied in each instance, and thereafter Petitioner filed a Habeas Petition in the California Court of Appeal. (Doc. # 36-2, Ex. C at 140). On December 8, 2006, the California Court of Appeal denied the Petition on the merits, concluding that Petitioner was not entitled to additional good conduct or work credits under any theory alleged, including by estoppel. (Doc. # 36-2, Ex. C at 140-42).[1]

---

[1] Petitioner had previously presented his good conduct and work credit claim in a Habeas Petition to the California Supreme Court, and therefore as of December 8, 2006, Petitioner had exhausted his state remedies as to claims one and two.

II.   <u>Petitioner's Administrative & State Habeas Challenges to His Parole Status (Claim 3)</u>

On June 1, 2005, Petitioner filed an appeal with the CDCR, requesting a legal status summary sheet and alleging that the imposition of a three-year parole period following his release from incarceration would violate the terms of his sentence. (Lodgment 7.) On June 28, 2005, CDCR issued Petitioner a legal status summary, but denied his request for a recalculation of his estimated release date. (*Id.*) CDCR concluded that it did not have jurisdiction to alter the time set for his parole. (*Id.*) On August 15, 2005, CDCR screened out Petitioner's formal appeal on his parole claim because he had changed the substance of his request. (Lodgment 8).

On August 30, 2005, Petitioner filed a Habeas Petition in the California State Superior Court challenging his anticipated parole period. (Lodgment 9.) On October 20, 2005, the Superior court denied the Petition on the merits. (Lodgment 10.) On March 10, 2006, Petitioner filed a state Habeas Petition in the California Supreme Court, again challenging his parole release date. (Lodgment 11.) On June 28, 2006, the California Supreme Court denied the petition. (Lodgment 12.)

III.   <u>The Findings of the Report and Recommendation</u>

On June 27, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus in this Court. (Docs. # 1, 2.) On September 30, 2007, Respondents filed a motion to dismiss the Petition, contending that the Petition should be dismissed because all claims were time-barred, claim two failed to state a federal claim, and claim three was unripe for review. (Doc. # 6.) On October 29, 2007, Petitioner submitted an opposition to Respondent's motion to dismiss, arguing that all of his claims are timely under 28 U.S.C. §§ 2254(d)(1)(D) and 2254(d)(1)(D). (Doc. # 8 at 2, 5.)

After reviewing the record, the Magistrate Judge concluded that Plaintiff had failed to exhaust his administrative remedies with respect to Petitioner's claims for additional good conduct and work credits (claims 1 and 2 in the Petition). (R&R at 6.) Accordingly, the Magistrate Judge recommends that this Court dismiss claim one of the pending Petition without prejudice, so as to allow Petitioner to properly exhaust his administrative remedies before seeking federal habeas review. (*Id.* at 11.) Though the Magistrate Judge concluded that claim 2, like claim 1, had not been properly exhausted at the administrative level, the Magistrate concluded that claim 2 did not allege a violation of federal law or the U.S. Constitution. (*Id.* at 10, 11.) Accordingly, the Magistrate Judge recommends that this

Court dismiss claim two with prejudice for failure to state a federal claim.

With respect to claim three, the Magistrate Judge determined that Petitioner should have known the factual predicate of his claim when the Superior Court denied his petition on the merits, and that the Petitioner had failed to bring claim 3 within the AEDPA's one-year limitations period. (R&R at 9.) The Magistrate Judge recommends that this Court dismiss claim three of the Petition with prejudice because Petitioner did not file before the end of the limitations period. (*Id.*)

On April 21, 2008, Petitioner filed objections to the Report and Recommendation. (Doc. # 28.) Petitioner contends that his filings were timely and that each claim alleges a federal question. On June 4, 2008, Petitioner filed supplemental objections. (Doc. # 36.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) describe this Court's duties in connection with a Magistrate Judge's Report and Recommendation. Where, as here, "a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report." *Morrison v. Cook*, Civil No. 97-57-ST, 1999 U.S. Dist. LEXIS 14233, at *1-2 (D. Ore. April 27, 1999) (citing *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981)

## DISCUSSION

Petitioner's Habeas Petition challenges his state incarceration on three grounds. First, Petitioner claims a liberty interest, protected by the Fifth and Fourteenth Amendments to the U.S. Constitution, in receiving "already earned" day-for-day sentence reduction credits for participation in the Inmate Work Training Incentive Program (IWTIP). (Doc. # 2 at 5.) Second, and assuming Petitioner is not entitled to additional sentence credits as a matter of law, Petitioner contends that the state should be estopped from denying him those credits under the facts of this case. (Doc. # 2 at 17.) Third, Petitioner claims that the state's statutory scheme of releasing prisoners on supervised parole after the completion of the prisoner's determinate term is unconstitutional. (Doc. # 2 at 25.)

**A. Administrative Exhaustion With Respect to Claims 1 & 2**

The Magistrate Judge concluded that Petitioner failed to exhaust his administrative remedies with respect to Petitioner's claims for additional good conduct and work credits–claims 1 and 2 in the

1  presently pending Petition. In concluding that Petitioner had failed to exhaust his administrative
2  remedies, the Magistrate Judge noted that "neither the government nor the Petitioner has provided any
3  documentation of a final decision either of the CDCR or the California courts addressing the merits
4  of [claims one and two]," and therefore "the Court must presume that no such decision was ever made
5  by either governmental body." (R&R at 9.) In light of the Magistrate Judge's conclusion with respect
6  to exhaustion of administrative remedies, the Magistrate Judge recommended that the Court dismiss
7  claims 1 and 2 without prejudice to allow Petitioner to properly exhaust his administrative remedies.

8      Petitioner objects to the Magistrate Judge's conclusion that Petitioner failed to exhaust his
9  administrative remedies with respect to claims 1 and 2. (Doc. # 36 at 10.) Specifically, Petitioner
10  contends and submits evidence that he exhausted his administrative remedies between June, 2006, and
11  December, 2006.

12      After reviewing Petitioner's Supplemental Objections (Doc. # 36), the Court notes that
13  Petitioner has for the first time submitted an opinion of the California Court of Appeal, dated
14  December 8, 2006, in which that Court reaches the merits of Petitioner's claims for additional good
15  conduct and work sentence credits. Though the Magistrate Judge did not have an opportunity to
16  consider the December 8, 2006, decision, it is apparent that the California Court of Appeal concluded
17  that Petitioner satisfied his obligation to exhaust administrative remedies by filing administrative
18  appeals between June 14, 2006, and December 8, 2006. Indeed, the California Court of Appeal
19  ignored administrative exhaustion as an issue, and ruled on the merits of Petitioner's claims for good
20  conduct and work sentence credit. In light of the newly submitted opinion of the California Court of
21  Appeal, this Court concludes that Petitioner has exhausted his administrative remedies with respect
22  to his claims for additional good conduct and work credits–claims 1 and 2, respectively. Accordingly,
23  the Court will not adopt page 6 of the Report and Recommendation where the Magistrate Judge
24  concluded that Petitioner failed to exhaust his administrative remedies with respect to claims 1 and
25  2.

26  **B. Claim 1 - Petitioner's Claim For Sentence Credits As a Matter of Statutory Law**
27      Federal habeas relief may issue *only* if the state court's judgment was "contrary to, or involved
28  an unreasonable application of, clearly established federal law" or was "an unreasonable determination

in light of the evidence presented." 28 U.S.C. 2254(d).

Petitioner contends that he has earned sentence credits pursuant to state statutory law, and notes that it would be unconstitutional for the state to strip him of those credits without due process of law. However, after reviewing the relevant statutory scheme and the opinion of the California Court of Appeal, the Court concludes that Petitioner was never eligible to earn more than a 15% reduction in his sentence by participating in the IWTIP. (Doc. #20 at 9.); *see also* CAL. PENAL CODE §§ 1191.3, 2933.1(a). The language of CAL. PENAL CODE § 2933.1(a) is unequivocal; "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision 667.5 shall accrue no more than 15 percent of worktime credit." (Doc. #20 at 9). Petitioner has cited no federal statute or constitutional principle which contradicts the state's right to discriminate between different classes of offenders when distributing state-created privileges such as sentence reduction credits, and the Court finds that Petitioner is not entitled to additional good conduct or work-related sentence credits. (Doc. # 36 at 141.) The Court finds that the California Court of Appeal correctly concluded that Petitioner is not entitled to additional good conduct or work credits. Accordingly, Petitioner's claim that state statutory law entitles him to additional credits (claim 1) is DENIED.

## C. Claim 2 - Petitioner's Claim for Sentence Credits By Equitable Estoppel

The Magistrate Judge recommends that this Court dismiss claim two for failure to state a federal claim. (Doc. # 24 at 10.) Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claim for sentence credits by estoppel does not reference federal law. (Doc. # 36 at 16.) Petitioner includes in his Supplemental Objections a passage, which he says he intended for inclusion in the original Petition filed in this Court, and argues that he is owed sentence reduction credits on a theory of promissory estoppel. (Doc. #36 at 17.) The Petition, however, does not explain how Petitioner's promissory estoppel claim is grounded in federal law. Indeed, Petitioner's references to state estoppel cases shows that the sentence-credit-by-estoppel issue is an issue of state law. However, even assuming that there were a federal issue, it is not clear who promised Petitioner that Petitioner would be entitled to credits in the first place, nor is it clear how Petitioner relied on the promise to his detriment. After reviewing the statutory scheme regarding sentence credits, the Court finds that the California Court of Appeal correctly concluded that CAL. PENAL CODE § 1193.1 does not entitle

1 Petitioner to credits and did not operate as a promise of credits in such a way as to entitle Petitioner
2 to promissory estoppel. In addition, Petitioner has not identified a different or additional source of the
3 promise in this case, and the Court cannot discern how exactly Petitioner relied on any alleged promise
4 to his detriment.

5 The Magistrate Judge recommends that the Court dismiss Petitioner's claim for sentence
6 credits by estoppel, and this Court hereby adopts that recommendation.

7 **D. Claim 3 - Petitioner's Claim For Reduction of Parole or Adjustment of His Parole Date**

8 Magistrate Judge Lewis recommends that this Court dismiss Petitioner's third claim,
9 concerning Petitioner's parole date, because Petitioner did not file the claim in a federal Habeas
10 Petition before the end of the AEDPA's one-year limitations period. (R&R at 9.) The Magistrate
11 Judge concluded that Petitioner waited 499 days, including 139 days between October 20, 2005, and
12 June 28, 2006, to file the Petition in this case. Petitioner contends that the period between October 20,
13 2005, and June 28, 2006, should not count against him because he filed a Habeas Petition in the
14 California Court of Appeal during that time. (Doc. # 36 at 12.) However, after reviewing the record,
15 nothing substantiates Petitioner's claim that he filed an intervening Habeas Petition in the California
16 Court of Appeal. 28 U.S.C. § 2244(d)(2) would toll this period if the time between courts was timely
17 under California's standard, and California permits a "reasonable" time between courts for filing
18 habeas corpus petitions. *See Carey v. Saffold*, 536 U.S. 214, 216 (2002). This Court finds, however,
19 that it was unreasonable for Petitioner to wait 139 days between receiving the denial from the
20 California Superior Court and filing in the California Supreme Court under the facts of this case. In
21 addition, while Petitioner contends that attorney misconduct delayed him, Petitioner has not submitted
22 sufficient reliable evidence of that misconduct to justify equitable tolling. *See Pace v. DiGuglielmo*,
23 544 U.S. 408, 418 (2005) (a litigant seeking equitable tolling must establish (1) that he has been
24 pursuing his rights diligently, and (2) that some extraordinary circumstance prevented him from
25 filing.); *see also Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).
26 The Court finds that the Magistrate Judge correctly concluded that Petitioner is not entitled to relief
27 on his claim for adjustment of his parole status as Petitioner failed to bring the claim within the
28 AEDPA's one-year limitations period.

## CONCLUSION

After de novo review, IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in part, and REJECTED in part. The Magistrate Judge's conclusion that Petitioner failed to exhaust his administrative remedies with respect to claims 1 and 2 (R&R page 6) is REJECTED in light of the supplemental materials submitted by Petitioner. In all other respects, the Report and Recommendation is ADOPTED. In addition, Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. # 6) is GRANTED, and Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED with prejudice. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED.**

Dated: 7/22/08

William Q. Hayes
United States District Judge