FILED
2009 JAN 22 AM 8: 24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ YNH _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. CLEMANS, JR., <br><br> Petitioner, <br> vs. <br> J. A. YATES, Warden, et al., <br><br> Respondent. | CASE NO. 07cv1162 WQH (PCL) <br><br> ORDER |

HAYES, Judge:

The matters before the Court are (1) the motion for a certificate of appealability filed by Petitioner (Doc. # 41); (2) the motion requesting permission for consideration of Petitioner's equal protection claim pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner (Doc. # 45); and (3) the motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) filed by Petitioner (Doc. # 47).

## Procedural Background

On June 27, 2007, Petitioner Charles Clemans, a state prisoner represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docs. # 1, 2.) The Petition contained three grounds on which Petitioner claimed habeas relief: (1) "Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fifth and Fourteenth Amendments in retaining his already earned conduct credits;" (2) "Petitioner is also entitled to his earned credits under government estoppel or equitable estoppel principles;" and (3) "Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fourteenth

1  Amendment in being released on parole as 'part of' his sentence." (Doc. 1, at 6-8.)

2      On September 30, 2007, Respondents filed a motion to dismiss the Petition, on grounds
3  that each of Petitioner's claims for relief were time-barred, that claim two failed to state a
4  federal claim, and that claim three was not ripe for review. (Doc. # 6.) On April 4, 2008 the
5  Magistrate Judge filed a Report and Recommendation granting in part and denying in part
6  Respondent's motion to dismiss. (Doc. # 24.) The Magistrate Judge concluded that Plaintiff
7  had failed to exhaust his administrative remedies with respect to Petitioner's first claim for
8  relief. (*Id.* at 6.) The Magistrate Judge recommended that this Court dismiss claim one of the
9  Petition without prejudice, to allow Petitioner to properly exhaust his administrative remedies
10 before seeking federal habeas review. (*Id.*) The Magistrate Judge recommended that this
11 Court dismiss claim two with prejudice for failure to state a federal claim. The Magistrate
12 Judge concluded that Petitioner's federal habeas petition was filed after the expiration of the
13 one year limitations period in the Anti-Terrorism and Effective Death Penalty Act (AEDPA).
14 The Magistrate Judge recommended that this Court dismiss Petitioner's third claim for relief
15 with prejudice based on Petitioner's failure to comply with the one year statute of limitations.
16 (*Id.*)

17     On April 21, 2008, Petitioner filed objections to the Report and Recommendation.
18 (Doc. # 28.) Petitioner asserted that he had exhausted his administrative remedies and that
19 each of his claims for habeas relief alleged a federal question. In support of his assertion that
20 he had exhausted his administrative remedies, Petitioner submitted an opinion of the California
21 Court of Appeal denying Petitioner's first claim for habeas relief on the merits. (Doc. # 36.)

22     This Court reviewed Petitioner's objections and the Report and Recommendation.
23 (Doc. # 38.) In light of the supplemental materials submitted by Petitioner with his objections,
24 this Court rejected the portion of the R&R which concluded that Petitioner had failed to
25 exhaust his administrative remedies. Upon a de novo review of Petitioner's first claim, this
26 Court concluded that federal habeas relief was not available pursuant to 28 U.S.C. § 2254(d)
27 because the judgment of the California Court of Appeal was neither contrary to, nor an
28 unreasonable application of, clearly established federal law. This Court denied Petitioner's

first claim for relief with prejudice.

This Court adopted the recommendation of the Magistrate Judge and dismissed claim two of the petition for failure to state a federal claim. With respect to claim three of the petition, this Court found that "the Magistrate Judge correctly concluded that Petitioner is not entitled to relief on his claim for adjustment of his parole status as Petitioner failed to bring the claim within the AEDPA's one-year limitations period." (*Id.*) This Court further adopted the recommendation of the Magistrate Judge and dismissed claim three of the petition with prejudice. This Court granted Respondent's motion to dismiss the Petition with prejudice and denied each of Petitioner's claims for habeas relief. On August 1, 2008, the Clerk of Court entered judgment and closed the case. (Doc. # 39.)

On August 13, 2008, Petitioner filed a "notice of appeal and notice that no certificate of appealability is required." (Doc. # 40.) Petitioner asserts that "because this petition involves decisions of prison officials to not give Petitioner his already earned credits and not calculate his release date as 'part of his sentence,' both these administrative decisions do not require a Certificate of Appealability; therefore, no COA is required." (Doc. # 40 at 2.) The Clerk of the Court construed this document as a motion for a certificate of appealability. (Doc. # 41.)

On September 8, 2008, Petitioner filed a motion for reconsideration of his third ground for relief pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 47.) On September 22, 2008, Petitioner filed a motion requesting permission for consideration of his equal protection claim pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 45.)

On December 23, 2008, the Office of the Clerk for the United States Court of Appeals for the Ninth Circuit filed a Notice of USCA Case Number 08-57051. (Doc. # 48.) On the same date, the Court of Appeals filed a Time Schedule Order setting the briefing schedule. (Doc. # 49). Petitioner's opening brief is to be filed and served by February 2, 2009; Respondent's appellant brief is to be filed and served by March 4, 2009, and Petitioner's optional reply brief is due ten days after being served with Respondent's appellate brief. (Doc. # 49.) Pursuant to Fed. R. App. P. 34(a), the Ninth Circuit will take the matter under

- 3 -

07cv1162 WQH (PCL)

submission on the briefs and record without oral argument. (Doc. # 49.)

## Discussion

*1) Motion for Certificate of Appealability*

A habeas petitioner must secure a certificate of appealability where "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). The Ninth Circuit construes this language "to hold that a certificate of appealability 'is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence.'" *Rosas v. Nielsen*, 428 F.3d 1229, 1231 (9th Cir. 2005) (quoting *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004). "Thus, the district court looks at who made the detention decision complained of by the state prisoner, an administrative body or a judicial one, in determining whether a certificate of appealability is required." *Rosas*, 428 F.3d at 1229.

In this case, Petitioner challenges the administrative decisions made by the California Department of Corrections and Rehabilitation regarding the execution of Petitioner's sentence. Petitioner's claims for habeas relief do not "arise out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Accordingly, no certificate of appealability is required.

*2) Rule 60(b) Motions*

Petitioner, proceeding pro se, filed a Rule 60(b) motion to reconsider whether Petitioner's third claim for relief is time-barred by the AEDPA statute of limitations. (Doc. # 47.) Petitioner contends that "the evidence Petitioner was unable to get from his negligent counsel, who adamantly refuses to give Petitioner his documents to this day, shows that the District Court's dismissal was based on the assumption that Petitioner never filed in the Court of Appeal [for the State of California] when he did." (Doc. # 47 at 9). Petitioner asserts that his failure to "get proof of his filings to the Court" was the result of excusable neglect. (*Id.*)

Petitioner also requests this Court to consider an equal protection claim not previously asserted in his federal habeas petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. # 45.) Petitioner asserts that his attorney refused to present the equal protection claim in the initial petition and refused to amend the petition to add the claim. Petitioner contends that the conduct of his attorney constitutes an extraordinary circumstance

sufficient to justify Rule 60(b)(6) relief.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." *Williams v. Woodford*, 306 F.3d 665, 683-684 (9th Cir. 2002) (quotations and citations omitted). Without remand from the appellate court, "the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken." *Long v. Bureau of Economic Analysis*, 646 F.2d 1310 (9th Cir. 1981).

In this case, Petitioner filed a notice of appeal on August 13, 2008. (Doc. # 40.) Petitioner filed his motion to reconsider (Doc. # 45) and his motion requesting consideration of his equal protection claim (Doc. # 47) in September 2008. On December 23, 2008, the United States Court of Appeals for the Ninth Circuit docketed Petitioner's appeal (Doc. # 48) and set a briefing schedule for the parties (Doc. # 49). Petitioner has not asked this Court to entertain either of his Rule 60(b) motions, and it is not clear that Petitioner wants to remand his case to this Court prior to the Ninth's Circuit's disposition on appeal. The Court concludes that it lacks jurisdiction to dispose of Petitioner's motions while his case is on appeal.

### Conclusion

IT IS HEREBY ORDERED that Petitioner's motion for a certificate of appealability (Doc. # 41) is DENIED. Petitioner's motion to reconsider (Doc. # 47) is DENIED. Petitioner's motion requesting consideration of his equal protection claim (Doc. # 45) is DENIED. If Petitioner does wish to have his case remanded from the Ninth Circuit, he may file a motion requesting this Court to entertain his Rule 60(b) motions within 15 days of the date of this order.

DATED: 1/21/09

WILLIAM Q. HAYES
United States District Judge