# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TWAIN CLEMANS, JR., <br><br> Petitioner, <br> vs. <br> JAMES A. YATES, <br><br> Respondent. | CASE NO. 07cv1162-WQH-PCL <br><br> ORDER |

HAYES, Judge:

The matters before the Court are two motions filed by Petitioner pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 45, 47).

## I.   Background

On June 27, 2007, Petitioner Charles Twain Clemans, Jr., a state prisoner then-represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1, 2). The Petition contained three grounds on which Petitioner claimed habeas relief: (1) "Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fifth and Fourteenth Amendments in retaining his already earned conduct credits"; (2) "Petitioner is also entitled to his earned credits under government estoppel or equitable estoppel principles"; and (3) "Petitioner has a state-created liberty interest protected by the U.S. Constitution's Fourteenth Amendment in being released on parole as 'part of' his sentence." (Doc. # 1 at 6-8).

On September 30, 2007, Respondent filed a motion to dismiss the Petition, on grounds that each of Petitioner's claims for relief were time-barred, that claim two failed to state a federal claim, and that claim three was not ripe for review. (Doc. # 6).

On April 4, 2008 the Magistrate Judge issued a Report and Recommendation recommending that this Court grant in part and deny in part Respondent's motion to dismiss. (Doc. # 24). The Magistrate Judge recommended that this Court: (1) dismiss claim one of the Petition without prejudice, to allow Petitioner to properly exhaust his administrative remedies before seeking federal habeas review; (2) dismiss claim two with prejudice for failure to state a federal claim; and (3) dismiss claim three with prejudice based on Petitioner's failure to comply with the one year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

On April 21, 2008, Petitioner filed objections to the Report and Recommendation. (Doc. # 28). Petitioner asserted that he had exhausted his administrative remedies and that each of his claims for habeas relief alleged a federal question. In support of his assertion that he had exhausted his administrative remedies, Petitioner submitted an opinion of the California Court of Appeal denying Petitioner's first claim for habeas relief on the merits. (Doc. # 36-1 at 140-42).

In light of the supplemental materials submitted by Petitioner with his objections, this Court did not adopt the portion of the Report and Recommendation which concluded that Petitioner had failed to exhaust his administrative remedies. Upon a de novo review of Petitioner's first claim, this Court concluded that federal habeas relief was not available pursuant to 28 U.S.C. § 2254(d) because the judgment of the California Court of Appeal was neither contrary to, nor an unreasonable application of, clearly established federal law. This Court denied Petitioner's first claim for relief with prejudice.

This Court adopted the recommendation of the Magistrate Judge and dismissed claim two of the Petition for failure to state a federal claim.

With respect to claim three of the Petition, this Court found that "the Magistrate Judge correctly concluded that Petitioner is not entitled to relief on his claim for adjustment of his parole status as Petitioner failed to bring the claim within the AEDPA's one-year limitations period." (Doc. # 37 at 7). This Court adopted the recommendation of the Magistrate Judge and dismissed claim three of the Petition with prejudice.

1   On August 13, 2008, Petitioner filed a "notice of appeal and notice that no certificate
2 of appealability is required." (Doc. # 40).
3   On September 8, 2008, Petitioner filed a motion for reconsideration relating to his third
4 ground for relief pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 47).
5   On September 22, 2008, Petitioner filed a motion pursuant to Rule 60(b) requesting
6 permission for consideration of an Equal Protection claim. (Doc. # 45).
7   On January 22, 2009, this Court issued an order denying Petitioner's Rule 60(b)
8 motions on the ground that this Court lacked jurisdiction to entertain the Rule 60(b) motions
9 while his case was on appeal. (Doc. # 50).
10   On February 11, 2009, Petitioner filed a motion requesting this Court to entertain his
11 Rule 60(b) motions. (Doc. # 53).
12   On June 2, 2009, this Court issued an Order stating that "[t]he Court will entertain
13 Petitioner's Rule 60(b) motions upon remand from the Ninth Circuit." (Doc. # 56 at 4).
14   On January 14, 2010, the Ninth Circuit issued an order stating that "[t]his appeal is
15 remanded to the district court for the limited purpose of enabling the district court to consider
16 appellant's Federal Rule of Civil Procedure 60(b) motion." (Doc. # 57 at 1).
17   On February 3, 2010, Respondent filed an opposition to Petitioner's Rule 60(b)
18 motions. (Doc. # 59).
19   On March 1, 2010, Petitioner filed a reply in support of his Rule 60(b) motions. (Doc.
20 # 61).

21 **II.   Standard of Review**
22   Rule 60(b) provides in relevant part:
23   On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied...; or (6) any other reason justifying relief from the operation of the judgment.
27 Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (Rule 60(b)
28 applies to habeas proceedings under 28 U.S.C. § 2254). The burden of proof is on the party

bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).

Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F .3d 1255, 1262 (9th Cir. 1993) (citations omitted).

### III.  Rule 60(b) Motion Regarding Petitioner's Third Ground for Relief

In the Report and Recommendation, the Magistrate Judge stated:

> With regard to ground three in which Petitioner alleges that imposition of a parole period following his release from incarceration would violate his sentence, ... the San Diego County Superior Court did reach the merits of Petitioner's parole issue in its October 20, 2005 Order denying his petition for writ of habeas corpus. Thus, the limitation period began the day after the Order was issued, on October 21, 2005, and 139 days elapsed before Petitioner filed his petition in the California Supreme Court. The limitation period was tolled during the time that Petitioner pursued his petition in the California Supreme Court, from March 10, 2006 until June 28, 2006, when the California Supreme Court denied his petition. Then, more than 360 additional days elapsed before Petitioner filed the instant petition for writ of habeas corpus. As a result, because more than a year elapsed before Petitioner pursued his remedies in federal court, his claim regarding his parole period must be dismissed with prejudice.

(Doc. # 24 at 9). In the Order adopting this portion of the Report and Recommendation, this Court stated:

> Petitioner contends that the period between October 20, 2005, and June 28, 2006, should not count against him because he filed a Habeas Petition in the California Court of Appeal during that time. However, after reviewing the record, nothing substantiates Petitioner's claim that he filed an intervening Habeas Petition in the California Court of Appeal. 28 U.S.C. § 2244(d)(2) would toll this period if the time between courts was timely under California's standard, and California permits a 'reasonable' time between courts for filing habeas corpus petitions. This Court finds, however, that it was unreasonable for Petitioner to wait 139 days between receiving the denial from the California Superior Court and filing in the California Supreme Court under the facts of this case. In addition, while Petitioner contends that attorney misconduct delayed him, Petitioner has not submitted sufficient reliable evidence of that misconduct to justify equitable tolling. The Court finds that the Magistrate Judge correctly concluded that Petitioner is not entitled to relief on his claim for adjustment of his parole status as Petitioner failed to bring the claim within the AEDPA's one-year limitations period.

(Doc. # 37 at 7 (citations omitted)).

In his Rule 60(b) motion addressing his third ground for relief, Petitioner again contends

that he filed an intervening habeas petition in the California Court of Appeal and alleges that his former attorney improperly retained copies of documents which would prove this contention. (Doc. # 47 at 2). Petitioner attaches a document to his Rule 60(b) motion showing filing information for a California Court of Appeal petition with a filing date of November 16, 2005 and a disposition date of November 29, 2005. (Doc. # 47, Ex. A). However, Petitioner fails to include evidence indicating that he included the facts relating to his current parole issue in this petition before the Court of Appeal. *Cf. King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) ("To determine whether [petitioner] is entitled to tolling of the period between the denial of this petition and the commencement of his next series of petitions, ... we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition."), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006).

Even if the Court assumed that the California Court of Appeal petition related to Petitioner's current parole claim, there would remain a gap of between 90 and 100 days (depending upon the application of the "mailbox rule") between the denial of his petition in the Court of Appeal and the filing of his petition with the California Supreme Court. (Doc. # 47 at 4). This gap is "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Chavis*, 546 U.S. at 199-200; *see also Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) ("Chaffer is ... not entitled to statutory tolling" due to 115-day gap and 101-day gap between habeas filings in state courts); *Forrister v. Woodford*, No. 1:05-cv-00170, 2007 WL 809991, at *2- 3 (E.D. Cal., Mar. 15, 2007) (no statutory tolling due to 88-day gap); *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (no statutory tolling due to gaps of 97 and 71 days). Accordingly, even assuming the facts as alleged by Petitioner, Petitioner would not be entitled to statutory tolling.

Petitioner also contends that he is entitled to equitable tolling due to the "two disabilities that Petitioner suffers from: (i) the disability of imprisonment ...; and (ii) the

1  disability of mental impairment." (Doc. # 47 at 5). Equitable tolling may be available to a
2  petitioner who has made "a threshold showing of mental incompetency." *Calderon v. U.S.*
3  *Dist. Court for Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated in part on*
4  *other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003). However, the petitioner has the
5  burden of proving equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.
6  2002); *see also Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001). The petitioner must
7  show that "extraordinary circumstances beyond a prisoner's control make it impossible to file
8  a petition on time and the extraordinary circumstances were the cause of his untimeliness."
9  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quotations omitted). In this case,
10 Petitioner has not demonstrated that his alleged disabilities prevented him from timely filing
11 his state or federal habeas petitions.
12    Petitioner's Rule 60(b) motion related to Petitioner's third ground for relief is **DENIED**.
13 (Doc. # 47).

14 **IV.   Rule 60(b) Motion Regarding Petitioner's Equal Protection Claim**

15    Petitioner moves pursuant to Rule 60(b) for an order permitting him to amend his
16 Petition to include an Equal Protection claim. (Doc. # 45). Petitioner contends that he
17 "initially left the Equal Protection claim out of the petition he sent to [his attorney], ... for ...
18 retyping the petition exactly as it was prepared and submitting it." (Doc. # 45 at 2). Petitioner
19 contends that "[s]hortly after [the Petition] was filed [in this Court], Petitioner requested that
20 [his attorney] amend it to add the Equal Protection argument that was exhausted in the State
21 Supreme Court." (Doc. # 45 at 3). Petitioner contends that his attorney refused his request.
22    Respondent contends that "Petitioner's motion should be denied because it constitutes
23 an improper successive habeas petition" and "Petitioner has not demonstrated extraordinary
24 circumstances justifying his request for relief." (Doc. # 59 at 3, 5).

25    **A.   Successive Petition**

26    A Rule 60(b) motion for relief from judgment, which seeks to advance one or more
27 substantive claims following the denial of a habeas petition, such as a motion seeking leave
28 to present a claim that was omitted from habeas petition due to mistake or excusable neglect,

is properly classified as a "second or successive habeas petition," requiring authorization from the appropriate court of appeals before filing. 28 U.S.C. § 2244(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). Petitioner's Rule 60(b) motion "straightforwardly assert[s] that owing to excusable neglect, the movant's habeas petition had omitted a claim of constitutional error, and seek[s] leave to present that claim." *Gonzalez*, 545 U.S. at 531. Accordingly, the Rule 60(b) motion to add an Equal Protection claim constitutes a "second or successive habeas petition," and Petitioner is required to obtain "an order authorizing the district court to consider the application" from the Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A).

### B.   Rule 60(b) Analysis

Even if Petitioner's Rule 60(b) motion to add an Equal Protection claim did not constitute a second or successive petition, the Court would inquire as to whether the proposed amendment would be allowable pursuant to the applicable standards of Rule 60(b).

To justify relief under Rule 60(b)(1), a party must show "excusable neglect." Fed. R. Civ. P. 60(b)(1).[1] "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. To determine when neglect is excusable, we conduct the equitable analysis ... by examining...: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotations omitted). "To justify relief under subsection (6) [of Rule 60], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

Petitioner concedes that he was aware of his Equal Protection claim prior to filing his federal habeas Petition. (Doc. # 45 at 4). Petitioner also concedes that he prepared the Petition

---

[1] Petitioner does not specifically identify under which section of Rule 60(b) he brings his motion. (Doc. # 45 at 6-7). Construing Petitioner's motion liberally, the Court considers whether relief is appropriate pursuant to Rule 60(b)(1) and Rule 60(b)(6). *See U.S. v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) ("Pro se complaints and motions from prisoners are to be liberally construed.").

which was ultimately filed in this case without including the Equal Protection claim. (Doc. # 45 at 2).

On January 28, 2008, the Magistrate Judge issued an Order acknowledging that Petitioner "wishes to fire his attorney and proceed pro se from this point on in this case." (Doc. # 14 at 1). The Magistrate Judge's Order provided instructions on the process by which Petitioner may amend his Petition. (Doc. # 14 at 2). The Magistrate Judge stated: "Should Petitioner choose to file a proposed ... amended petition, he must file and serve his motion to amend along with the proposed petition no later than **February 28, 2008**. The deadline will not be extended; if the documents are not filed by that deadline, the action will go forward with only the claims that were asserted in the original petition." *Id.* Petitioner did not move to amend the Petition as directed by the Magistrate Judge; instead, on February 28, 2008, Petitioner filed a response to Respondent's then-pending motion to dismiss. (Doc. # 20).

After reviewing Petitioner's Rule 60(b) motion and the record in this case, the Court concludes that Petitioner's failure to raise his Equal Protection claim prior to the entry of Judgment does not constitute "extraordinary circumstances" within the meaning of Rule 60(b)(6), nor "excusable neglect" within the meaning of Rule 60(b)(1). Petitioner has proferred no reason why he did not move to amend his Petition by February 28, 2008–the date set by the Magistrate Judge, and the date Petitioner filed a response brief in opposition to the Respondent's motion to dismiss.

Petitioner's Rule 60(b) motion related to his Equal Protection claim is **DENIED**. (Doc. # 45).

**V.    Conclusion**

IT IS HEREBY ORDERED that Petitioner's Rule 60(b) motions are each **DENIED**. (Doc. # 45, 47).

DATED: March 12, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge